UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of American,

    Plaintiff,

v.      Case No. 08-20011

Jawan Martin,      Sean F. Cox
    United States District Court Judge

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S PENDING MOTION FOR COMPASSIONATE RELEASE

Defendant Jawan Martin is currently serving a 32-year sentence for two counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Under the statutory scheme in place at the time of Martin's sentencing, his two § 924(c) convictions were "stacked:" he received a mandatory 7-year sentence for his first conviction, *see* 18 U.S.C. § 924(c)(1)(A)(ii), and a consecutive 25-year sentence for his second conviction, *see* 18 U.S.C. § 924(c)(1)(C)(i), even though these two convictions were imposed in the same proceeding. *See United States v. Richardson*, 948 F.3d 733, 745 (6th Cir. Jan. 27, 2020) (describing a hypothetical "stacking" example that appears to be identical to Martin's case).

On June 4, 2020, Martin filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 194). Martin's motion relies on two recent developments: (1) the enactment of the First Step Act of 2018, and (2) the ongoing novel coronavirus pandemic ("COVID-19"). The Government responded. (ECF No. 196). Martin also asked the Court to

1

appoint counsel to represent him in his compassionate-release proceedings. (ECF No. 197 and 198). On August 5, 2020, the Court granted Martin's motion for counsel and appointed the Federal Community Defender to represent Martin (ECF No. 199). This memorandum opinion and order explains why the Court feels that appointed counsel is appropriate. This memorandum opinion and order also denies Martin's motion for compassionate release, without prejudice, to the extent it is premised on COVID-19 as unexhausted. However, if Martin's COVID-19 arguments become exhausted during the pendency of his motion, counsel may re-raise them.

## I.     Martin's First Step Argument

Martin's argument related to the First Step Act is premised on how it effectively did away with "stacking" § 924(c) convictions in a single criminal proceeding. *See Richardson*, 948 F.3d at 745 (the First Step Act's amendment to § 924(c) "means that a defendant would, in a general sense, have to be a repeat offender with a prior, final conviction to be eligible for the mandatory enhancement.") If Martin had been sentenced under a post-First Step Act regime, it appears that he would have received only a 7-year consecutive sentence for his second conviction, not a 25-year consecutive sentence. *Id*. Thus, his total term of imprisonment would have been fourteen years, not thirty-two.

Martin argues that this drastic change in the sentencing consequences of his charges presents an "extraordinary and compelling reason" to reduce his sentence under § 3582, to be more consistent with the current sentencing consequences of his convictions. The Government disagrees, noting that the Sixth Circuit has held that the First Step Act's changes to § 924(c) are not retroactive. *Id*. at 748 ("Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot.") The

Government's point is well-taken, but is not entirely dispositive of this issue. Martin is not seeking relief by direct application of the First Step Act's amendments to § 924(c). Rather, he is seeking relief through § 3582 and arguing that the First Step Act's amendments to § 924(c) satisfy § 3582's "extraordinary and compelling reasons" requirement.

The Government argues that accepting this argument would be "anomalous" and would "constitute an 'end run' around the prescribed limits of § 3582." (ECF No. 196, PageID 1037) (citing *United States v. Fox*, 2019 WL 3046086 (D. Me. 2019)). But many district courts around the country have accepted and agreed with Martin's argument that the First Step Act's changes to § 924(c) can constitute extraordinary and compelling reasons for a sentence reduction, at least in some circumstances. *See, e.g., United States v. Urkevich*, 2019 WL 6037391 (D. Neb. 2019); *United States v. Clausen*, 2020 WL 4260795 (E.D. Penn. July 24, 2020); *United States v. Day*, -- F.Supp.3d --, 2020 WL 4251803 (E.D. Va., July 23, 2020); *United States v. Clark*, 2020 WL 4260824 at *2 (E.D. Wis. July 23, 2020) (collecting cases); *United States v. Wise*, 2020 WL 4251007 at *4 (N.D. Oh. June 25, 2020); *United States v. Brown*, -- F.Supp.3d --, 2020 WL 2091802 at * 8 (S.D. Iowa, April 29, 2020) (collecting cases); *United States v. Haynes*, – F.Supp.3d --, 2020 WL 1941478 at *3 (E.D.N.Y. April 22, 2020); *United States v. Young*, 2020 WL 1047815 (M.D. Tenn. March 2, 2020); *United States v. O'Bryan*, 2020 WL 869475 at *2 (D. Kan Feb. 21, 2020); *United States v. Maumau*, 2020 WL 806121 at *4 (D. Utah Feb. 18, 2020).

Given this breadth of district court authority, and absent any guidance from the Sixth Circuit, the Court concluded that appointing defense counsel to brief this issue was appropriate. The Court made that appointment by separate order (ECF No. 199). The Court expresses no opinion on the merits of this issue.

### II.     Martin's COVID-19 Argument

Martin also seeks compassionate release because of COVID-19. He alleges that he has "dormant tuberculosis," which may cause him to develop severe, life-threatening symptoms if he contracts COVID-19. In response, the Government argues that Martin never exhausted his administrative remedies on this basis.

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit recently examined the nature of these requirements for a defendant's motion for compassionate release.  In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement, even for a motion filed because of a legitimate fear of COVID-19. *Id*. at 834.

Here, Martin filed an administrative request for compassionate release. But the reason he gave the BOP for why release was appropriate was confined to his First Step argument. (ECF No. 194, PageID 1024). There was no mention of COVID-19 or his dormant tuberculosis. Thus, as to this issue, Martin's motion for compassionate release is unexhausted. Accordingly, the Court will deny Martin's motion in part, without prejudice.

4

## CONCLUSION

For the reasons above, the Court **DENIES** Martin's motion **WITHOUT PREJUDICE** as to his argument regarding COVID-19 and his medical condition. However, Martin's motion shall remain pending on the docket because of his unresolved § 924(c) "stacking" argument.

Further, and as already ordered by the Court, Martin shall receive appointed counsel to represent him with regards to his motion for compassionate release/a sentence reduction. Specifically, counsel shall file a supplemental brief on the following issue: do Martin's "stacked" § 924(c) convictions present extraordinary and compelling reasons for a sentence reduction under § 3582? Counsel shall also brief all other issues related to whether Martin can and should receive a sentence reduction on this basis. The Government shall have the opportunity to respond to this supplemental brief and Martin shall have the opportunity to file a reply. Once counsel is appointed, the Court will issue an appropriate briefing schedule.

Further, for the sake of judicial economy, if Martin exhausts his administrative remedies regarding his COVID-19 arguments while his motion is still pending, he (through his counsel) may file a supplemental brief on that issue so that his argument can be adjudicated on the merits. In that instance the Government may file a new response to Martin's COVID-19 arguments or a notice stating that it relies on its already filed response (ECF No. 196).

**IT IS SO ORDERED.**

               s/Sean F. Cox
               Sean F. Cox
               United States District Judge

Dated: August 6, 2020