UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Criminal Case No. 08-20011

JAWAN MARTIN,                        Sean F. Cox
                                                               United States District Court Judge

    Defendant.

_____/

**ORDER DENYING**
**DEFENDANT'S MOTION TO ADJUST RESTITUTION (ECF NO. 233)**

The defendant in this criminal case, Jawan Martin ("Martin"), moves the Court to modify his restitution payment schedule. But the Court lacks jurisdiction over Martin's request.

The Court sentenced Martin to thirty-two years of incarceration in this case, and he is serving that sentence at the Federal Correctional Institution ("FCI") Loretta in Loretto, Pennsylvania. This Court further ordered Martin to pay restitution in the amount of $633,492.00 and the Court's Amended Judgment expressly provides that "[w]hile in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of this program and hereby orders the defendant's compliance." (Am. Judgment, ECF No. 181 at PageID.916 & PageID.919).

"The IFRP is a work program instituted by the Bureau of Prisons to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.' The program allows for the development of a financial plan that allows inmates to pay enumerated obligations, such as restitution payments, while incarcerated." *Weinberger v. United States*, 268 F.3d 346, 360 (6th

1

Cir. 2001) (quoting *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 548 (9th Cir. 1999) (per curiam)); *see also* 28 C.F.R. §§ 545.10, 545.11 (2024) (describing the IFRP)).

Martin now moves the Court under 18 U.S.C. § 3664(k) to modify his restitution payment schedule. That statute permits courts to "adjust [a restitution] payment schedule . . . as the interests of justice require" on motion of a defendant. § 3664(k).  By ordering Martin to participate in the IFRP, however, the Court declined to set a restitution payment schedule. The Court instead "ordered that [Martin] pay restitution through the terms and conditions of the IFRP" and delegated the calculation of his payment schedule to the Bureau of Prisons. *Weinberger*, 268 F.3d at 361.  And "constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons" is "complete[ly] absen[t]." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004).  This Court has accordingly recognized "that § 3664(k) does not apply" to IFRP payment schedules. *United States v. Burrell*, No. 21-cr-20393, 2025 WL 1161452, at *2 n.1 (E.D. Mich. Apr. 21, 2025).

This does not leave Martin without a remedy.  An inmate may challenge his or her IFRP payment schedule in a habeas petition under 28 U.S.C. § 2241.  *See Fontanez v. O'Brien*, 807 F.3d 84 (4th Cir. 2015).  Indeed, district courts in this Circuit have held that a § 2241 petition is the exclusive vehicle to challenge an IFRP payment schedule, *Burrell,* 2025 WL 1161452, at *3, and treat motions raising such a challenge as § 2241 petitions, *Wisdom v. United States*, No. 14-20359, 2017 WL 3334036, at *4–5 (E.D. Mich. Aug. 3, 2017). But § 2241 petitions are "jurisdictionally proper in the district court where [the petitioner's] custodian is located," and

Martin is incarcerated in Pennsylvania. *Wisdom*, 2017 WL 3334036, at *5. The Court thus lacks jurisdiction to modify Martin's IFRP payment schedule.

  Accordingly, IT IS ORDERED that Martin's motion (ECF No. 233) is DENIED.

IT IS SO ORDERED.


Dated: May 22, 2025         s/Sean F. Cox
                Sean F. Cox
                United States District Court Judge

I hereby certify that on May 22, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                s/Caitlin Shrum
                Case Manager